IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-00823-PAB-KMT

SYLVIA DEAN,

    Plaintiff,

v.

COMPUTER SCIENCES CORPORATION,

    Defendant.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION IN PART, OVERRULING MAGISTRATE JUDGE'S RECOMMENDATION IN PART, AND DISMISSING PLAINTIFF'S CLAIMS**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya filed on February 25, 2009 [Docket No. 63]. The Recommendation states that objections to the Recommendation must be filed within ten days after its service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on February 25, 2009. Plaintiff has not objected to the Recommendation, which recommends that the Court dismiss all of plaintiff's claims except for her retaliation claim. Defendant objects to that portion of the Recommendation concerning plaintiff's claim that defendant unlawfully retaliated against her.

    **A.  Discrimination and Hostile Work Environment Claims**

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d

1165, 1167 (10th Cir. 1991); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In this matter, I have reviewed that portion of the Recommendation recommending the dismissal of certain of plaintiff's claims – i.e., her claims of discriminatory termination of her employment and a hostile work environment – to satisfy myself that there is "no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, I have concluded that this portion of the Recommendation is a correct application of the facts and the law.

### B. Retaliation Claim

Concerning plaintiff's retaliation claim, I have reviewed the parties' arguments in the summary judgment briefs de novo.  Because Ms. Dean is proceeding pro se, the Court construes her pleadings liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).

Defendant objects to the Magistrate Judge's Recommendation on three grounds: First, that the plaintiff's harassment and discrimination complaints to defendant were too vague to constitute protected activity.  Objection at 4.  Second, that plaintiff's complaints of harassment and discrimination were not made in good faith and thereby were not protected activity.  Id. at 7.  Third, that plaintiff's claim of retaliation otherwise fails.  Id. at 8.

---

[1]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

1. **Legal Standards**

To succeed on a claim of retaliation a plaintiff must show: (1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action. *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1228 (10th Cir. 2006).

"Opposition" to an employer's conduct is protected by § 2000e-3(a) only if it is opposition to a "practice made an unlawful employment practice by [Title VII]." *Petersen v. Utah Dept. of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002). "Although no magic words are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in [an unlawful practice]." *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202-03 (10th Cir. 2008) (finding that certain e-mails sent by the plaintiff did not constitute protected opposition when "[n]owhere in either e-mail [did] [plaintiff] mention or even allude to . . . discrimination. . . . General complaints about company management and one's own negative performance evaluation will not suffice."). *See also Anderson v. Academy Sch. Dist. 20*, 122 Fed. App'x 912, 916 (10th Cir. 2004) (unpublished opinion) ("a vague reference to discrimination and harassment without any indication that this misconduct was motivated by race (or another category protected by Title VII) does not constitute protected activity and will not support a retaliation claim"). *Williams v Universal Enterprises, LLC*, No. CIV-07-0801-HE, 2008 WL 2390818, at *4 (W. D. Okla. June 9, 2008) ("absence of any statement to his supervisors indicating he believed the incident

was racially discriminatory precludes Williams' retaliation claim"); *Taher v Wichita St. Univ.*, 526 F. Supp. 2d 1203, 1221 (D. Kan. 2007) (no protected activity exists where plaintiff complained of "discrimination" and "harassment," but did not complain that such action was motivated by his national origin). As the court in *Petersen* explained,

> Section 2000e-3(a) bars retaliation by an employer only if it is 'because [the employee] has opposed any practice made an unlawful employment practice by [Title VII].' An employer's action against an employee cannot be *because* of that employee's protected opposition unless the employer knows the employee has engaged in protected opposition.

301 F.3d at 1188 (emphasis in original).

### 2. Analysis

Construed liberally, plaintiff's retaliation claim appears to be based on two adverse actions by defendant. First, defendant's issuance of a Letter of Caution to plaintiff on February 14, 2006. In an email that plaintiff's supervisor, Kenneth O'Neil, sent to plaintiff on February 15, 2006, O'Neil stated that he had originally agreed to give plaintiff another chance, but when she "issue[d] two complaints against personnel in these work centers in an effort to divert attention from [Dean's] problem," *see* Sum. J. Mot. [Docket No. 38], ex. A-12, he issued the Letter of Caution. Second, plaintiff appears to base her retaliation claim on defendant's termination of her on February 23, 2006.

The first step in analyzing plaintiff's retaliation claim is to determine whether she conveyed to defendant her concern that it had engaged in an employment practice made unlawful by Title VII. *Hinds*, 523 F. 3d at 1202-03.

The "two complaints" that O'Neil referred to in his February 15, 2006 email are complaints that plaintiff made against Victoria Triplett, an employee of Boeing, and Jake Johnson, an employee of BAE Systems. Plaintiff made these complaints to their respective employers via an email dated February 9, 2006. *See* Sum. J. Mot. [Docket No. 38], ex. A-11. O'Neil learned about these complaints, given that he referred to them in his February 15, 2006 email. However, plaintiff's February 9, 2006 email makes no suggestion that Johnson and Triplett discriminated against her or harassed her based on race or gender. Thus, her February 9, 2006 email regarding Triplett and Johnson does not constitute protected activity and provided no basis for defendant to have retaliated against her based on protected activity.

Moreover, in her Title VII Complaint [Docket No. 1], plaintiff makes no allegation that she complained of race or sex discrimination by Triplett and Johnson. Nor do any of her emails to defendant before she made the complaints against Triplett and Johnson suggest that they had discriminated against her on racial or gender grounds. For example, on February 8, 2006, plaintiff sent an email to William R. Smith in the Human Relations department. *See* Sum. J. Mot. [Docket No. 38], ex. A-8. The email states that she is making a complaint regarding "Discrimination and Harassment" against Triplett and Johnson for harassing her at work and that O'Neil was discriminating against her based on what Triplett and Johnson told him. However, nowhere in this email does the plaintiff claim that such harassment is due to race or sex discrimination. Although plaintiff states in the email that "I am a single black mother," she does so in the context of explaining her difficult personal circumstances and not to explain any discriminatory motive or action by Triplett, Johnson, or O'Neil.

In her deposition, plaintiff testified that she had telephone conversations with Smith wherein she claimed to have been discriminated against on the basis of gender and race. *Id.*, ex. A-2 at 213. When asked what she told Smith, she testified that it related to comments that Johnson had made to her. *Id.*, ex. A-2 at 213-214. The substance of these comments is set forth in the Recommendation at page 18. The Magistrate Judge determined that none of these comments made out a prima facie claim of either race or gender discrimination, and plaintiff did not object to such finding in the Recommendation. The email that plaintiff sent to Smith on February 8, 2006 contains no suggestion of race or gender discrimination.

Plaintiff did not inform anyone else at Computer Sciences Corporation that she had been discriminated against based on her race or gender. In her deposition, plaintiff testified that "[m]ainly, my race and discrimination comments were with Bill [Smith]. . . ." *See Opp. to Sum J. Mot*. ex. A-2 at 215. Plaintiff did not identify anyone else at defendant corporation whom she told about her allegations of race or gender discrimination. Moreover, plaintiff admitted that the things that she told Smith were all of the incidents of race and gender discrimination of which she was aware. *Id.*, ex. A-2 at 218-219.

The Court finds that any claim of discrimination plaintiff made to Smith based on Johnson's comments was too vague to convey to the defendant that plaintiff was engaging in protected opposition to discrimination.

Finally, plaintiff has not cited any evidence that, after O'Neil issued the Letter of Caution, she made defendant aware that she was basing her allegations of discrimination, harassment, or retaliation on race or sex discrimination. Even

construing plaintiff's pleadings liberally and making reasonable inferences in her favor, *see Carolina Cas. Ins. Co. v. Yeates*, 533 F.3d 1202, 1204 (10th Cir. 2008), there is no evidence in the record that defendant had reason to believe that plaintiff engaged in protected opposition to discrimination under Title VII.

In light of the fact that the Court does not find that plaintiff has made a prima facie claim of having engaged in protected opposition to discrimination, it is unnecessary to review defendant's other objections to the Recommendation. Accordingly, it is

**ORDERED** as follows:

1. The Recommendation of United States Magistrate Judge [Docket No. 63] is ACCEPTED in part and OVERRULED in part.  That portion of the Recommendation recommending that the Court dismiss plaintiff's claims of discriminatory termination and a hostile work environment is accepted.  That portion of the Recommendation recommending plaintiff's claim for retaliation be allowed to proceed to trial is overruled.  Summary judgment enters in favor of the defendant on all counts.

2. Pursuant to Federal Rule of Civil Procedure 56, this matter, and all claims asserted therein, is dismissed with prejudice, with each party to bear its own attorneys' fees.  Defendant is entitled to its costs.  *See* D.C.COLO.LCivR 54.1 and Fed. R. Civ. P. 54(d)(1).

3. The Clerk shall forthwith enter judgment in favor of defendant Computer Sciences Corporation and against plaintiff Dean, dismissing plaintiff's claims with prejudice.  Defendant Computer Sciences Corporation is awarded its costs.

4.	All other pending motions are DENIED as moot.


DATED May 19, 2009.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge