IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-00823-PAB-KMT

SYLVIA DEAN,

    Plaintiff,

v.

COMPUTER SCIENCES CORPORATION,

    Defendant.
_____

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND PLAINTIFF'S MOTION FOR RECONSIDERATION**
_____

    This matter is before the Court on two motions. First, on the Plaintiff's Motion for Relief from Judgment [Docket No. 77].[1] Plaintiff moves the Court to reconsider its dismissal of plaintiff's claims, granting judgment in favor of defendant, and awarding defendant its costs. As grounds for granting such relief, plaintiff states that she did not receive a copy of the Magistrate Judge's Recommendation in this case and therefore did not have an opportunity to respond to its recommendation that all but her retaliation claims be dismissed. Second, this matter is before the Court on Plaintiff's Motion for Reconsideration with Arguments and Citations ("Mtn. for Reconsid.") [Docket No. 76], wherein plaintiff provides arguments against both the Magistrate Judge's Recommendation to dismiss her Title VII discrimination claim and this Court's order dismissing her retaliation claim. The Court will construe both motions as ones made

---

[1] Although the plaintiff has filed an appeal in this case, the Court of Appeals for the Tenth Circuit has abated the appeal pending this Court's ruling on this motion and plaintiff's motion for reconsideration [Docket No. 76].

pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment. Such motions were timely filed. The defendant filed a response to both motions on June 18, 2009 [Docket No. 79].

## Background

Plaintiff is an African-American woman who worked for defendant Computer Sciences Corporation from March 22, 2004 to February 23, 2006. She filed three types of claims in this case under Title VI, 42 U.S.C. § 2000e et seq.: discrimination on the basis of race, color, and gender, hostile work environment, and retaliation. On July 16, 2008, defendant filed a motion for summary judgment [Docket No. 38]. Plaintiff responded to the summary judgment motion on September 19, 2008 [Docket No. 50]. The defendant filed a reply [Docket No. 51]. On February 25, 2009, Magistrate Judge Kathleen Tafoya filed a Recommendation of United States Magistrate Judge [Docket No. 63] recommending that the Court grant summary judgment to defendant on plaintiff's discrimination and hostile work environment claims and recommending that the Court deny summary judgment on the retaliation claim. Pursuant to the terms of the Recommendation, objections to the Recommendation were due ten days after its service. On March 11, 2009, defendant filed an objection to that portion of the Recommendation dealing with plaintiff's retaliation claims [Docket No. 69]. Plaintiff did not file an objection to the Recommendation or a response to defendant's objection.

On May 19, 2009, the Court entered an order accepting the Recommendation in part and overruling the Recommendation in part [Docket No. 73]. The Court accepted that portion of the Recommendation recommending dismissal of plaintiff's discrimination and hostile work environment claims and overruled that portion of the

Recommendation denying summary judgment on plaintiff's retaliation claim. The effect of the Court's order was to grant defendant's motion for summary judgment on all of plaintiff's claims and to enter judgment in favor of the defendant.

## Standard of Review

Because Ms. Dean is proceeding *pro se*, the Court construes her pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, in light of plaintiff's motion for reconsideration, the Court has reviewed those portions of the Recommendation discussing plaintiff's discrimination and hostile work environment claims de novo in order to ensure that the Court properly dismissed those claims in its May 19, 2009 order.

## Plaintiff's Discrimination Claim

Plaintiff's Motion for Reconsideration makes only one apparent reference to her discrimination claim. Plaintiff states in her motion: "[u]nequal treatment of the Plaintiff - Plaintiff was written up for sleeping on the job while other white similarly situated employees were not." Mtn. for Reconsid. at 4. As noted in the Recommendation at page 5, Ms. Dean's supervisor, Kenneth O'Neil, filed a formal violation report in December 2005 that noted, among other things, plaintiff slept on the job on September 2 and December 1. Plaintiff admitted to O'Neil that she had probably dozed off. O'Neil then asked that a directive be sent to all employees that sleeping on the job was not condoned. On or about February 1, 2006, O'Neil received another report that plaintiff had been sleeping on the job, so he began an investigation. When plaintiff learned of this investigation, Ms. Dean contacted employee Jason Brown and asked him not to

report her sleeping on the job.  There is nothing pretextual or discriminatory about defendant's filing a violation report under these circumstances.  Defendant had a legitimate, nondiscriminatory reason to require that persons in plaintiff's position not sleep on the job.  The Court agrees with the Recommendation that plaintiff failed to make a prima facie showing of racial or gender discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), by failing to show that she was qualified for the job.  *See* Recommendation at 17.  Moreover, the Court agrees with the Magistrate Judge that plaintiff presented no evidence that adverse actions taken by the company against plaintiff were pretextual.  *See* Recommendation at 21.  Upon de novo review, the Court adopts the Recommendation's analysis regarding plaintiff's discrimination claim.

### Plaintiff's Hostile Work Environment Claim

Plaintiff does not address this aspect of the Recommendation in her Motion for Reconsideration.  As noted by the Recommendation at page 23, "[a]t the absolute most, there were between two to five 'offensive utterances' made by a person who did not work for [defendant] CSC over the entire course of Plaintiff's twenty-three months of employment."  The Court agrees with the reasoning and conclusion of the Recommendation that there are no facts supporting plaintiff's claim of a hostile work environment.

**Plaintiff's Retaliation Claim**

Most of the arguments in plaintiff's Motion for Reconsideration are directed to her retaliation claim. Her principal argument appears to be that there are factual issues concerning her retaliation claim that preclude entry of summary judgment.

In the May 19, 2009 order, the Court concluded that "there is no evidence in the record that defendant had reason to believe that plaintiff engaged in protected opposition to discrimination under Title VII." May 19, 2009 Order at 7. In her Motion for Reconsideration, plaintiff cites no evidence or case law to undermine this conclusion. For example, plaintiff claims that defendant failed to investigate her complaint of "discrimination and harassment." Mtn. for Reconsid. at 4. However, as explained in the Court's May 19, 2009 order at page 5, plaintiff's February 8, 2006 email to William Smith in the Human Relations department complaining of "Discrimination and Harassment" by two employees of different companies does not refer to discrimination based on race or gender. Nor does plaintiff cite any evidence that she later put defendant on notice that she was basing her claims of discrimination and harassment on race or gender. May 19, 2009 Order at 6. Thus, for the reasons stated in the May 19, 2009 order, plaintiff's retaliation claim was properly dismissed.

**Plaintiff's Claim that She Did Not Receive the Recommendation**

In addition to the Court's conclusion that plaintiff's claims were properly dismissed after de novo review, the Court also concludes that the plaintiff's discrimination and hostile work environment claims were properly dismissed based on the Court's conclusion in the May 19, 2009 order that "there was no clear error on the

face of the record." May 19, 2009 Order at 2.  That standard of review was appropriate given the fact that plaintiff failed to file an objection, whether timely or not, to the Recommendation.

In her Motion for Reconsideration, plaintiff claims that she "was not in receipt of the Magistrates [sic] Judge's Recommendation and therefore was not given an opportunity to object." Mtn. for Reconsid. at 2.  Defendant, however, has persuasively rebutted that assertion in its response.  First, the Court served the Recommendation on plaintiff at the address plaintiff provided to the Court for serving orders and pleadings on her.  Plaintiff does not claim that she changed addresses or was out of town during the ten-day period after the Recommendation was served on her.  Moreover, she has not complained before the Recommendation or after the Recommendation about not receiving mail at the same address.

Second, even if plaintiff did not receive the Recommendation in the mail, plaintiff was aware of the Recommendation before the expiration of the ten-day period in which she had to file objections.  On or about March 6, 2009, Ms. Dean spoke to one of defendant's attorneys about the Recommendation.  *See* Defendant's Response to Plaintiff's Motion for Reconsideration, Exh. 2 (Affidavit of Geri K. House), ¶¶ 4-5. Plaintiff's knowledge of the Recommendation is also reflected in the parties' Expedited Stipulated Motion to Reset Final Pretrial Conference [Docket No. 65], filed on March 6, 2009, wherein plaintiff and defendant state that "[o]n or about February 25, 2009, Magistrate Judge Kathleen M. Tafoya issued her Recommendation of United States Magistrate Judge concerning CSC's Motion for Summary Judgment."  The Magistrate Judge filed and served the Recommendation on February 25, 2009, meaning that

plaintiff had until March 11, 2009 to file any objections. Plaintiff therefore had the opportunity and the obligation to review the Recommendation and either file timely objections or request additional time to do so. Thus, the Court finds that plaintiff has not provided a valid reason for her failure to object to the Recommendation.

It is therefore **ORDERED** that, pursuant to Fed. R. Civ. P. 59(e), Plaintiff's Motion for Relief from Judgment [Docket No. 77] and Plaintiff's Motion for Reconsideration with Arguments and Citations [Docket No. 76] are denied.

DATED August 25, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge